AMERICAN TEMPERANCE LIFE INS. ASS'N OF CITY OF NEW YORK v.
SOLOMON et al.

(Circuit Court of Appeals, Third Circuit.    June 12, 1916.)

No. 2073.

1. INSURANCE ☞668(6)—LIFE INSURANCE—ACTIONS—JURY QUESTIONS.

In an action on a life policy, where the defense was insured's false answers to questions in the application as to his age, use of intoxicating liquors, and rejection of any previous application for insurance, the court properly decided as a matter of law that answers to such questions were material to the risk, but left to the jury the question whether the answers given were false.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1737–1740, 1758–1760; Dec. Dig. ☞668(6).]

2. INSURANCE ☞655(2)—LIFE INSURANCE—EVIDENCE—MATERIALITY.

Where the application for a life policy denied that insured had ever been rejected by any other company, the question whether insured could read or write is immaterial on the question of the binding force of the representation; but, in determining whether insured applied for a policy in another company, the question whether he could read or write, and so understood that an agent was making application for him in a different company, is material.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1677, 1680, 1681, 1685; Dec. Dig. ☞655(2).]

3. APPEAL AND ERROR ☞1064(1)—HARMLESS ERROR—INSTRUCTIONS.

Error in instructions on the materiality of representations in the application for a life policy relating to insured's age and use of intoxicants does not warrant reversal, where the answers, if false, were not such as to avoid the policy.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4219; Dec. Dig. ☞1064(1); Trial, Cent. Dig. §§ 475, 525.]

In Error to the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Action by Louis Solomon and others, administrators of the estate of Max Solomon, deceased, for the use of Louis Solomon, and others, against the American Temperance Life Insurance Association of the city of New York. There was a judgment for plaintiffs, and defendant brings error. Affirmed.

George R. Wallace, of Pittsburgh, Pa., for plaintiff in error.

Weil & Thorp, of Pittsburgh, Pa. (S. Leo Ruslander and George K. Warn, both of Pittsburgh, Pa., of counsel), for defendants in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. In this case the administrators of Max Solomon, citizens of Pennsylvania, brought suit against the American Temperance Life Insurance Association, a corporate citizen of New York state, to recover $5,000 on a policy of insurance issued on the life of Max Solomon. The policy in question was a 10-year endowment one, on which the deceased had paid several annual premiums. On the first trial of the case the plaintiff recovered. On

a writ of error this court, in an opinion reported at 209 Fed. 345, 126 C. C. A. 271, reversed and directed a retrial. On such trial the plaintiff again recovered a verdict, and on entry of judgment the insurance company sued out this writ.

The questions here involved concern statements made in the application for the policy sued on concerning the applicant's age, his drink habits, and prior applications for insurance. The contention of the defendant is that under the evidence it was the duty of the court to hold the policy was invalid and give binding instructions for defendant. The several answers made by the deceased, which are quoted below, were contained in the copy of such application attached to the policy sued on. Such policy recites that it was based on the application for membership in this association, "which the insured hereby warrants to be true, and which is made a part of this contract," and that "this policy is accepted upon the terms stated upon the second page of the policy, which are made a part of this contract." Among the terms thus recited were that:

"This policy shall be null and void if the insured herein uses, sells, or is interested in the sale of alcoholic liquors or intoxicating drinks in any form as a beverage, or for misstatement of age, fraud, nonpayment of any payment or payments due to the association under the conditions of this policy."

[1] In its charge the court, inter alia, said:

"The plaintiffs, of course, rely upon a contract of insurance, and have brought suit upon that contract, and therefore affirm the contract in all respects. * * * The application is part of this contract, and the statements in the application the insured warrants to be true. The application contains a number of questions to be answered, and which in the application are answered. * * * Now those three questions are as follows: '6. Place and date of your birth—9th of August, 1856. 18. Have you ever used wine, beer, alcoholic liquors, or any intoxicating drinks as a beverage? If yes, how long since did you discontinue? State explicitly. Yes, whisky, 1 glass a week. 10. Had any proposal to insure your life ever been postponed or declined? If so, by what company, association, or society, and for what reason? No. 11. Has any proposal or application to insure your life or for membership ever been made to any company, association, society, or agent upon which a policy or certificate of membership has not been received by you in person for the full amount and kind and at rate applied for? No.'"

Turning, first, to the subject of prior insurance, the court, inter alia, charged:

"With respect to questions 10 and 11, with regard to application for other insurance, those questions are partly for the court and partly for the jury. The jury's part is to determine whether or not the answers to those questions were false. You have heard the testimony on both sides of this case. Was there an application to another company made at the time this application, connected with the policy in suit, was made? If there was an application made, and there had been no policy received, then it would be a postponement, or it would be perhaps a rejection, or if there was another application for the insurance made at the time the application for this policy was made, then the answers to that question were false, and as a matter of law the court will say that they are material to the risk."

This instruction is assigned for error, but we think the instruction was justified. The question was, as stated, a mixed one of fact and law. The law question, namely the materiality and legal effect of

the answers to the question, the court assumed and correctly answered, by holding that, if the answers to that question were false, "as a matter of law the court will say they are material to the risk." As to the question of fact, the court properly submitted it to the jury, correctly holding "the jury's part is to determine whether or not the answers to those questions were false." Under the proofs in the case, it would clearly have been error for the court to have taken that question from the jury. The insured was, of course, bound by his answer that he had not applied for other insurance, or been refused it; but whether he had in point of fact made such application, or it had been declined, was for the jury to determine under the proofs.

[2] We shall not quote in detail the testimony bearing on this question, but shall restrict ourselves to saying that proofs in that regard were such that it was the court's duty to submit them to the jury. In doing so attention was carefully called to the fact that Solomon was bound by the application on which the policy in suit was issued, but that with reference to the application produced by the Hartford Company the question was whether it had been made to that company with his approval and authority. This question was fairly submitted in the charge, as follows:

"So far as this contract is concerned, it is immaterial whether the insured could read or write, or not, or whether he understood what was contained in his application. The plaintiffs affirm the contract, the contract exists, it cannot be changed or modified in this proceeding, and it is, as I say, immaterial whether the insured could read or write at the time this application was made. But it is a material fact in relation to whether or not an application had been made to another company, and the only evidence in the case here, upon which the defendant relies, is that there was an application made to the Hartford Life Insurance Company for the insurance. It is material in relation to that, as to whether the insured of this defendant company could read or write. Was that application to the Hartford the application of the insured in the case at bar, made by him or by his authority, not perhaps for his benefit, but with his approval, and with his authority? You have heard the testimony upon the part of the defendant. You have the application from the files of the Hartford Life Insurance Company. You have the testimony with respect to the relations of the insured to the person who witnessed the application in the suit at bar, and who apparently witnessed the other Hartford application, and you have some testimony that the man Kann had a number of applications that were signed in his presence by the insured in this case, by his mark. I must leave that question of fact to you, as to whether or not the Hartford application, offered in evidence here by the defendant, was the application of Max Solomon, either by him personally, or at his instance. If it was, then was it in existence at the time this application attached to the policy in suit was made? If it was, then the answers to questions 10 and 11, which I have read to you, are false, and, if they were false, then they were material to the risk, and there should be no recovery in this case."

[3] It remains to consider the court's treatment of the other two questions quoted above, bearing on decedent's age and his drink habits. In that regard the court submitted the falsity and the materiality of both to the jury, as follows:

"With respect to the question as to age, and with respect to the question as to the use of alcoholic beverages, you are to determine whether or not they were material questions, under the test that I have stated to you. You have heard the evidence on both sides with respect to the age of the insured. Is the statement false? Was it material if it was false? Those are the ques-

tions for you to answer and to consider. So, with respect to whether or not his answer to the question as to the use of alcoholic beverages, was that answer false, and, if it was false, was it material? In other words, would the company have refused to give the insurance, if true answers had been made, and they had known the real facts?"

It is now contended the court erred in submitting the materiality of these questions to the jury. Assuming, for present purposes, that it did err in submitting the materiality of these questions to the jury, a matter, however, on which we express no present opinion, a study of the proofs shows that no such substantial wrong was done the defendant thereby as to warrant a reversal of this judgment on that ground, for the character of proof submitted is such that a court would not have been justified in sustaining a verdict adverse to the policy. On the plaintiffs' side the age of the deceased was affirmatively proved by two members of the decedent's family, while the only witness called by the defendant, who stated the deceased had made another statement as to his age some years before, admitted he was so uncertain about it that his testimony in reality amounted to nothing. So, also, on the issue of the deceased having used liquors as a beverage there was no such evidence as would have supported a verdict, had the jury so found. The evidence of a very occasional taking of a drink on some special occasions was not the use of liquor as a beverage which was contemplated by his application.

Upon a full consideration of the whole case, we are of opinion no reversible error is shown, and the judgment below is therefore affirmed.

⬦⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes